UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVAN RATCLIFF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BOB FAULKNER, et al,<br><br>　　　　　Defendants. | Case No. 2:21-cv-01351-RFB-DJA<br><br>**ORDER** |

### I.　INTRODUCTION

Before the Court are Plaintiff's Motion for Preliminary Injunction and Motion for Protective Order. ECF No. 3, 4. The Court issues a Temporary Restraining Order.

### II.　BACKGROUND

On July 16, 2021, Plaintiff filed a Complaint and Application for Leave to Proceed in forma pauperis. ECF No. 1. On November 29, 2021, Plaintiff filed a Motion for Preliminary Injunction and a Motion for Protective Order. ECF Nos. 3, 4.

Plaintiff alleges that in March, August, and November of this year, Defendant has repeatedly refused to refill Plaintiff's prescriptions for Prednisone, Dorzolamide, and artificial tear eyedrops, which Plaintiff requires for the long-term aftercare of his cornea transplant surgery. Plaintiff provides medical kites he submitted requesting the eyedrops, along with the Nevada Department of Corrections' ("NDOC") response that his prescription had expired. ECF No. 3, Ex. A, B, C. Plaintiff also provides a letter from his doctor stating that his condition is "chronic," and that the eyedrops are not to lapse. ECF No. 3, Ex. D. Plaintiff alleges that as of November 23,

2021, Plaintiff still has not received his required eyedrops, and that he is experiencing extreme pressure and sharp pain in his right eye as a result.

Plaintiff has previously filed numerous emergency motions for preliminary injunctions and temporary restraining orders based on similar facts in a companion case, Ratcliffe v. Raranas, 2:18-cv-00721-RFB-DJA, which the Court granted. The Court therefore takes judicial notice of the findings set forth in its Orders in that case at ECF Nos. 24, 31, 45, 59, 79, and 111. The Court also takes judicial notice of the fact that, as of September 2020, Dr. Stafeeva ordered that Plaintiff "continue artificial tears and glaucoma eye drops indefinitely." See 2:18-cv-00721-RFB-DJA, ECF No. 121, Ex. A.

I.     **LEGAL STANDARD**

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

II.    **DISCUSSION**

      a. **Likelihood of Success on the Merits**

2

In his Complaint, Plaintiff alleges that Defendants have been deliberately indifferent to his medical needs in violation of the Eighth Amendment. A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014). To establish the objective standard prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation and quotation marks omitted). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-1060. To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citation omitted).

In the companion case of Ratcliff v. Raranas, the Court previously held in issuing a temporary restraining order that Plaintiff was likely to succeed on the merits of his Eighth Amendment claim. See 2:18-cv-00721-RFB-DJA, ECF No. 24 at 4. The Court noted that "a corneal transplant is a serious medical procedure requiring significant aftercare and whose failure could have devastating negative consequences for Plaintiff's daily activities." Id. In pertinent part, the Court found that

> Prison medical staff is aware that Plaintiff had been prescribed specific eye drops and that his body may reject his transplant if he does not use the prescribed drops. By failing to have Plaintiff's prescription filled as soon as it ran out and not responding in a timely manner when Plaintiff requested refills, prison medical staff knowingly endangered the success of the transplant and Plaintiff's sight in one of his eyes. Although Plaintiff has not rejected the transplant so far, Plaintiff alleges feeling pressure and sharp pains in his right

3

> eye when he did not receive the eye drops. Plaintiff has submitted exhibits verifying the existence of the corneal transplant, the ongoing prescription, and his various complaints.

[Ibid.]

The Court finds that the facts alleged by Plaintiff in the instant motion are nearly identical to those alleged in the prior motion. Plaintiff's exhibits reveal that prison medical staff are aware that Plaintiff has been prescribed Prednisone, Dorzolamide, and artificial tears for the long-term care of his eye, and that Plaintiff's doctor ordered that these medications are not lapse. By failing to have Plaintiff's prescription filled as soon as they ran out and by failing to respond timely to Plaintiff's requested refills, prison medical staff have knowingly endangered Plaintiff's eye health. Plaintiff notes that his eye has not yet rejected the transplant, but here – as in the prior motion – Plaintiff again alleges a mounting feeling of pressure and sharp pain in his right eye, due to his failure to receive the appropriate eyedrops.

The Court further finds that Defendant NDOC[1] has a pattern and history of not properly providing these mediations to Plaintiff. This prior pattern and history is documented in the public record in this case and in the 2018 case.

### b. Irreparable Harm

Plaintiff will face irreparable harm if he is not provided the eyedrops he requires, as he alleges that his body may reject his corneal transplant and he may lose vision in his right eye. Further, Plaintiff experiences continuous pain that remains untreated, constituting ongoing harm in and of itself. Furthermore, Defendants are not in compliance with Plaintiff's doctor's orders, that he is "not to run out of any drops," and that Plaintiff's condition is "chronic," and therefore his eyedrop prescriptions "must not let [sic] lapse." ECF No. 3, Ex. D.

---

[1] The NDOC is a defendant in this case as Defendant Bob Faulkner is sued in his official capacity, see ECF No. 1, ex. 1, which essentially represents a suit against the state agency or department. Melendres v. Arpaio, 784 F.3d 1254, 1260 (9th Cir. 2015) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)).

4

### c. Balance of the Equities

The balance of the equities is squarely in Plaintiff's favor. Defendants are constitutionally required to provide Plaintiff appropriate care.

### d. Public Interest

The Court also finds that the public interest is in Plaintiff's favor. The public has a strong interest in ensuring that inmates are given access to adequate health care and do not have their constitutional rights violated while incarcerated.

### e. Nature of the Relief

The Prison Litigation Reform Act mandates that preliminary injunctive relief be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(1),(2). It further requires that issuing courts give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief. Id.

The Court therefore orders Defendants, in particular Bob Faulkner[2], to file a special appearance in this matter by 9:00 a.m. Friday, December 3, 2021. **The Court further orders that Plaintiff be provided refills of his requested eyedrops by 1:00 p.m. Friday, December 3, 2021.** The Court finds that Defendants have access to these medications and can readily comply with this Court's order. The Court further finds this relief is narrowly draw and extends no further than to correct the harm Plaintiff is currently enduring and is the least intrusive means necessary. The Court has given substantial weight to any adverse impact on public safety or the operation of the criminal justice system in shaping the nature of the relief.

///

///

///

---

[2] Mr. Faulkner has been named in his individual and official capacity. See ECF No. 1, ex. 1. The Court finds based upon the record that he is a current employee of the Nevada Department of Corrections. He must therefore make a special appearance in both his individual and official capacity.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants file a special appearance and a response in this matter by **9:00 a.m. Friday, December 3, 2021.**

**IT IS FURTHER ORDERED** that Defendants provide Plaintiff with refills of his requested eyedrops (Prednisone, Dorzolamide, and artificial tears), in his cell, by **1:00 p.m. on Friday, December 3, 2021**.

**IT IS FURTHER ORDERED** that Defendants file a Notice of Compliance by **5:00 p.m. on Friday, December 3, 2021.** If Defendants do not comply with this Court's order, the Court may impose sanctions, including monetary or case-dispositive sanctions.

**IT IS FURTHER ORDERED** that the Clerk of Court or a representative of this Court shall provide a copy of this order to the Nevada Attorney General's Office and the warden of Southern Desert Correctional Center state prison.

**DATED:** <u>December 1, 2021</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**