UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RATCLIFF,<br><br>        Plaintiff,<br><br>    v.<br><br>FAULKNER et al.,<br><br>        Defendants. | Case No. 2:21-cv-01351-RFB-DJA<br><br>**ORDER** |

### I.  INTRODUCTION

This matter is before the Court on Plaintiff Evan Ratcliff's Motion for Appointment of Counsel. (ECF No. 16). Defendants have not filed a response to the motion. For the reasons set forth below, Plaintiff's motion is granted.

### II.  BACKGROUND

Plaintiff is currently incarcerated at the Southern Desert Correctional Center and is in the custody of the Nevada Department of Corrections ("NDOC"). On July 16, 2021, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 and an Application for Leave to Proceed <u>in forma pauperis</u>. ECF No. 1. Plaintiff alleges that, following a cornea transplant, he was prescribed medication to ensure that his body did not reject the transplant. To ensure that Plaintiff received medication on a timely basis, there was a directive in his medical file that he was a chronic care patient, and his prescription must not be allowed to lapse. Plaintiff raised one claim: an Eighth Amendment claim for deliberate indifference to a serious medical need. Plaintiff seeks both injunctive and monetary relief. On December 27, 2021, Plaintiff's Complaint was screened and allowed to proceed. ECF No. 12. On February 10, 2022, the Court granted Plaintiff's Motion to

Proceed in forma pauperis and ordered that service be perfected within 90 days. ECF No. 14. Defendants filed an Answer on November 30, 2022.

On November 29, 2021, Plaintiff filed a Motion for Preliminary Injunction and a Motion for Protective Order. ECF Nos. 3, 4. On December 1, 2021, the Court granted Plaintiff's Motion for Protective Order and entered a temporary restraining order ("TRO"). ECF No. 5. The Court's Order instructed Defendants to provide Plaintiff with refills of his requested eyedrops. On July 22, 2022, Plaintiff filed a Motion for Emergency/Preliminary Injunction and Motion for TRO. ECF Nos. 21, 22. On July 22, 2022, the Court entered an order granting a TRO. ECF No. 23. The Court ordered Defendants to provide Plaintiff with refills of his Dorzolamide eyedrops by 5:00 p.m. on Monday, July 25, 2022. Id. On July 25, 2022, Defendants also filed a Response to the Motion for Preliminary Injunction. ECF No. 28. On August 2, 2022, the Court denied the Motion for Preliminary Injunction without prejudice. ECF No. 31. The Court ordered for Defendants to confer with Plaintiff and to file, by September 1, 2022, a Notice with the Court indicating NDOC's plan for the ongoing provision of Plaintiff's eye drops. Id. Defendants filed the notice regarding NDOC's plan on August 30, 2022. ECF No. 33.

On March 30, 2022, Plaintiff filed a Motion for Appointment of Counsel. ECF No. 16. Defendants did not file a response. The Court deferred a decision on Plaintiff's Motion for Appointment of Counsel. ECF No. 31.

This Order follows.

### III.    LEGAL STANDARD

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is within the sound discretion of the district court and requires a showing of exceptional circumstances. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither

factor is dispositive, and both must be viewed together. Wilborn, 789 F.2d at 1331. Circumstances common to most prisoners, such as indigence, lack of legal education, and limited law library access, usually do not constitute exceptional circumstances that warrant appointment of counsel. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

## IV. DISCUSSION

Plaintiff's Motion for Appointment of Counsel provides the following as the basis for his motion. First, Plaintiff cannot afford to hire counsel, as indicated by the fact that he was granted leave to proceed in forma pauperis. Second, the Court granted Plaintiff's motion for appointment of counsel in a companion case. See Ratcliff v. Raranas, 2:18-cv-00721-RFB-DJA, ECF No. 152.[1] Third, the issues in both cases are similar.[2] Fourth, a lawyer would assist Plaintiff in presenting evidence and cross-examining opposing witnesses if this case proceeds to trial. Finally, Plaintiff's imprisonment limits his ability to litigate this case, including investigating his case and engaging in discovery.

An individual proceeding in forma pauperis must demonstrate that "exceptional circumstances" exist to support the appointment. See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).

---

[1] There, the Court granted Plaintiff's Motion for Appointment Counsel and referred the action to the Court's Pro Bono Pilot Program. It appears that, before counsel could be appointed in the case, the parties reached a settlement agreement. Under Federal Rule of Evidence 201, "a court may take judicial notice[, sua sponte,] of 'matters of public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

[2] To conclude that Plaintiff had demonstrated a likelihood of success on the merits, the Court's June 22, 2022 Order, granting a TRO requiring Defendants to provide Plaintiff with refills of his Dorzolamide eyedrops, reiterated legal conclusions from its December 2021 Order. That Order noted that, "[i]n the companion case of Ratcliff v. Raranas, the Court previously held in issuing a temporary restraining order that Plaintiff was likely to succeed on the merits of his Eighth Amendment claim. See 2:18-cv-00721-RFB-DJA, ECF No. 24 at 4." Ratcliff v. Faulkner, No. 21-CV-01351, 2021 WL 5761765, at *2 (D. Nev. Dec. 1, 2021). "The Court [found] that the facts alleged by Plaintiff in the instant motion [we]re nearly identical to those alleged in the prior motion." Id. It also found that "Defendant NDOC has a pattern and history of not properly providing these mediations to Plaintiff. This prior pattern and history [are] documented in the public record in this case and in the 2018 case." Id. (footnote omitted).

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motions to Appoint Counsel (ECF No. 16) is GRANTED.

**IT IS FURTHER ORDERED** that this case shall be referred to the Court's Pro Bono Program.

**DATED:** <u>March 31, 2023</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**