UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Evan Ratcliff,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Bob Faulkner, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:21-cv-01351-RFB-DJA<br><br>**Order** |

Before the Court is Plaintiff's motion to compel Defendants to produce Plaintiff's medical records (ECF No. 37), Plaintiff's motion to extend discovery (ECF No. 40), and Defendants' motion to stay discovery (ECF No. 42).

**I.    Discussion.**

　　**A.    *Plaintiff's motion to compel.***

Plaintiff moves the Court to compel Defendants to produce his medical records. (ECF No. 37). Plaintiff explains that he spoke with counsel for Defendants—Leo Hendges, Esq.—and asked counsel to provide him with the records. Plaintiff asserts that Mr. Hendges told him that Plaintiff would have to obtain a court order to review his records.

Defendants respond that Plaintiff's motion is faulty because it does not set out the text of the discovery originally sought or Defendants' response to that discovery request nor does it attach a declaration regarding the parties' meet and confer. (ECF No. 38). Defendants assert that, during a call with Plaintiff, Mr. Hendges reminded Plaintiff that he must comply with AR 639.03—the Nevada Department of Corrections Administrative Regulation regarding inmate review of medical records—to review his medical records. But Plaintiff's motion does not contain any information about whether Plaintiff followed the steps outlined in that regulation to review his records. Plaintiff replies that he has submitted a request to review his records, but that

request has gone unanswered due to the lack of staff and volume of requests made by inmates. (ECF No. 39). Plaintiff asserts that if Mr. Hendges were to call the prison, he could assist Plaintiff in reviewing his medical records.

"A party seeking discovery may move for an order compelling an answer, designation, production or inspection ... if ... a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Here, the Court cannot grant the relief Plaintiff seeks because it is not clear that Defendants have failed to produce documents.[1] From Plaintiff's motion and reply, it appears that Plaintiff is having difficulty reviewing his records because the prison is short staffed, not because Defendants have refused to produce those records in response to discovery requests.

On the other hand, Defendants include medical staff at the prison where Plaintiff resides. And AR 639.03(2) provides that an inmate may request to review their medical records, which review will occur under the direct supervision of medical staff. Additionally, AR 639.03(4)(A)(a) provides that "[u]pon a request from the offender to review his medical records for litigation purposes, all effort will be made to make the records available within 3-5 working days from the date of the request." Given the fact that Defendants appear to have some control over whether and when Plaintiff reviews his medical records, the Court will require the parties to meet and confer and attempt to agree on a schedule in which Plaintiff can review his records. *See* Nevada Local Rule 16-1(d) (explaining that the court may order the parties to meet and confer on "any matters the court deems appropriate).

B.  **_Plaintiff's motion to extend and Defendants' motion to stay._**

Plaintiff moves for an extension of the discovery deadlines because he has not been able to review his medical records. (ECF No. 40). Defendants did not respond to this motion, but filed a separate motion to stay the deadlines in this case. (ECF No. 42). Defendants explain that

---

[1] It is difficult for the Court to determine whether Defendants have complied with their discovery obligations because Plaintiff did not set forth the full text of the discovery originally sought and Defendants' response to it as required under Local Rule 26-6(b). Defendants also fail to explain whether they received a discovery request from Plaintiff for these records and whether they produced these records in response.

they seek to stay deadlines because Plaintiff's case has recently been referred to the *pro bono* program. Defendants add that Mr. Hendges had a telephone conference with Plaintiff regarding a stay of the deadlines, but that Plaintiff would not agree to the stay. Plaintiff did not respond to Defendants' motion.

Under Federal Rule of Civil Procedure 6(b)(1) and Nevada Local Rule 26-3, the Court may for good cause extend a deadline if a request is made before the expiration of that deadline and may extend a deadline that has expired if the party failed to act because of excusable neglect. Here, the Court grants Plaintiff's motion to extend discovery deadlines and grants in part and denies in part Defendants' motion to stay. Defendants did not respond to Plaintiff's motion to extend the discovery deadlines, constituting their consent to granting it under Local Rule 7-2(d). Additionally, the Court finds good cause and excusable neglect because Plaintiff's case was only recently referred to the *pro bono* program. However, the Court will not grant Defendants' request to stay discovery because Defendants did not cite the correct legal standard for that motion. *See Schrader v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) (outlining the good cause analysis for motions to stay discovery). Instead, Defendants only cite the standard for extending deadlines. Because neither party specifies which deadlines they seek to extend and because the case has been referred to the *pro bono* program, the Court will *sua sponte* extend all deadlines in this matter, re-calculating the deadlines from the date of this order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 37) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer on or before **June 22, 2023** to determine a schedule for Plaintiff to review his medical records.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend discovery (ECF No. 40) is **granted.**

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery (ECF No. 42) is **granted in part and denied in part.** It is granted in part to the extent that it seeks an extension of discovery deadlines. It is denied in part regarding its request for a stay of discovery.

**IT IS FURTHER ORDERED** that the below deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings/add parties (60 days from this order): | July 31, 2023 |
| Close of discovery (90 days from this order): | August 30, 2023 |
| Discovery motions (104 days from this order): | September 13, 2023 |
| Summary judgment motions (30 days after discovery closes): | September 29, 2023 |
| Joint pretrial order (30 days after summary judgment motions): | October 30, 2023 |

DATED: June 1, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE