# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Evan Ratcliff,<br><br>                    Plaintiff,<br><br>        v.<br><br>Bob Faulkner, et al.,<br><br>                    Defendants. | Case No. 2:21-cv-01351-RFB-DJA<br><br>**Order** |

Before the Court are two stipulations to stay the case and Plaintiff's motion to stay the case. (ECF Nos. 96, 104, and 109). These filings are more appropriately characterized as requests to stay discovery, rather than the entire case, because they only seek to suspend discovery deadlines and not the case altogether. So, the Court treats them as motions to stay discovery. Although the parties have not cited the governing standard for motions to stay in their stipulations, the Court finds good cause to grant the most recent one. (ECF No. 104). The Court denies the older motion to stay as moot. (ECF No. 96). And because Plaintiff is not permitted to file on his own behalf while represented and because the stipulation the Court granted moots Plaintiff's motion, the court denies Plaintiff's motion to stay discovery as moot. (ECF No. 109).

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause. The test this Court applies considers (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery. *Gibson v. MGM Resorts International*, No. 2:23-cv-00140-MMD-DJA, 2023 WL 4455726, at \*3 (D. Nev. July 11, 2023). Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. *Id.* For example, in many cases,

the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. Ultimately, guided by Fed. R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay. LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

Here, the parties have stipulated to stay discovery pending the resolution of a global settlement of Plaintiff's cases. (ECF Nos. 96 and 104). They add that they are entering into the stipulation on the suggestion of the settlement judge. (ECF No. 104 at 3). The Court finds that this constitutes good cause to stay discovery and grants the more recent stipulation. (ECF No. 104). It denies the prior stipulation as moot. (ECF No. 96).

Plaintiff has filed his own motion to stay discovery. (ECF No. 109). He requests a stay so that he "can retain all documents from counsel that pertains to this case & so that Plaintiff can have the appropriate time to amend his case…Plaintiff needs this time to amend due to being denied of his eye medication…" (*Id.*). However, Plaintiff is represented by counsel and, although he moved to remove his counsel, the Court denied that motion and instructed Plaintiff to discuss the issue with his counsel, who could then file a motion to withdraw. (ECF Nos. 110, 111). Plaintiff's counsel has not yet moved to withdraw and so, under Local Rule IA 11-6, Plaintiff must not personally file a document—like his motion to stay—with the Court. Additionally, the Court has already decided a stay is appropriate in granting the stipulation requesting one. Finally, to the extent Plaintiff seeks relief from the Court related to his eye medication, he must file the appropriate motion, through his attorney if he remains represented.

**IT IS THEREFORE ORDERED** that the stipulation to stay discovery (ECF No. 104) is **granted.** Discovery is stayed pending resolution of the global settlement of this and other cases. If this case proceeds after the settlement process, the parties must file a stipulated discovery plan **thirty days** after the process concludes.

**IT IS FURTHER ORDERED** that the prior stipulation to stay discovery (ECF No. 96) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay discovery (ECF No. 109) is **denied as moot.**

DATED: August 29, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE