JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 3603
RICHARD WALTJEN, ESQ.
Nevada Bar No. 13416
PYATT SILVESTRI
7670 W. Lake Mead Blvd., Ste. 250
Las Vegas, NV 89128
Tel: (702) 383-6000
Fax: (702) 477-0088
Email: jsilvestri@pyattsilvestri.com
*Attorney for Plaintiff, Evan Ratcliff*
*In conjunction with Legal Aid Center of*
*Southern Nevada Federal Pro Bono Program*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EVAN RATCLIFF,<br><br>Plaintiff,<br><br>vs.<br><br>BOB FAULKNER, *et al.*,<br><br>Defendant. | Case No.: 2:21-cv-01351-RFB-DJA |

**PLAINTIFF EVAN RATCLIFF'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT PURSUANT TO FRCP 15 AND FRCP 21**

COMES NOW, Plaintiff EVAN RATCLIFF ("Plaintiff"), by and through his attorney of record, James P. C. Silvestri, Esq., of the law firm Pyatt Silvestri, and hereby submits this Motion for Leave to Amend and Supplement Complaint pursuant to FRCP 15 and 21.

//
//
//
//
//

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

1

This Motion is supported by the Memorandum of Points and Authorities, as well as the pleadings and papers filed herein, and any oral arguments that this Court wishes to consider.

DATED this 13 day of September, 2024.

PYATT SILVESTRI

/s/ *Richard Waltjen*
_____

JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 3603
RICHARD WALTJEN, ESQ.
Nevada Bar No. 13416
7670 W. Lake Mead Blvd., Ste. 250
Las Vegas, NV 89128
*Attorney for Plaintiff, Evan Ratcliff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff filed his Complaint on July 16, 2021, regarding Defendant's failure to renew his prescription for medication related to a corneal transplant in his right eye. Since that time, Plaintiff has been forced to suffer continued problems related to his eye surgery, which includes continued problems with refills on his prescription medications. He also been subjected to retaliatory measures, such as a cell search, which caused an even longer delay in receiving his prescription refills.

Although Defendant oversaw some of the time in which Plaintiff has suffered these violations of his rights, Defendant retired in June, 2022. Plaintiff must now include additional causes of action and must include additional defendants. Therefore, Plaintiff seeks leave from the Court to Amend and Supplement his Complaint. A copy of the proposed Amended Complaint is attached hereto as **Exhibit "1"**.

### II. FACTS

Plaintiff had a corneal transplant in his right eye on February 1, 2018. To ensure a proper recovery, Plaintiff's physician prescribed medications in the form of eye drops. Plaintiff was left with stitches in his eye that would need to be removed at a later date.

Plaintiff had difficulty obtaining refills of his medications almost immediately. He

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

2

submitted requests ("Kites") to medical, asking for refills and indicating that he was in pain. The Kites would be returned with a statement that his prescription had expired.

Plaintiff was forced to seek redress to obtain his medications (see case Ratcliff v. Raranas 2-18-cv-00721). As a result, Plaintiff obtained some relief. But it was short-lived. On October 18, 2019, Dr. Leaks, a contract Ophthalmologist working on Plaintiff's case, specified in his handwritten report that Plaintiff was "not to run out of any drops" and referenced the prescription as "chronic. must not lapse."

In March, 2021, Plaintiff was experiencing pain and pressure in the same eye and requested medical attention and a refill of the prescription. At that point, Plaintiff was informed that his prescription had lapsed, which caused a three-week delay, resulting in increased pain and pressure in Plaintiff's eye. Plaintiff was finally able to see a physician on March 31, 2021, in which it was determined that a stitch had come loose and there was an infection.

Plaintiff filed his Complaint in this case on July 16, 2021. Since that time, Plaintiff has continued to have problems with obtaining his prescriptions. On November 21, 2021, upon request for a refill, Plaintiff was again told that his medication had expired. On July 18, 2022, Plaintiff requested a refill and was denied. Plaintiff was informed that his prescription was not due for renewal until August 18, 2022.

On November 4, 2023, Plaintiff was forced to file two "Emergency Grievances" (the first one received no response) stating that he was in extreme pain, a stitch had come loose in his eye, and he had a discharge because the eye was again infected. At the time of filing his Emergency Grievances, Plaintiff had gone three weeks after requesting medical attention and still had not been able to see a physician.

On April 3, 2024, after filing two Kites without responses, Plaintiff was forced to file yet another emergency grievance because he needed a refill on his prescriptions. There was no response to the emergency grievance, but Plaintiff was visited by a nurse, who told him that his medication had expired and there was nothing she could do.

Even after the medication was renewed, further delay was caused when the Director of Nursing claimed to have personally given Plaintiff the medication but had not. Although there

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

3

was no signed receipt – which is protocol when delivering medications – it was obviously assumed that Plaintiff had received it.  Plaintiff was then subjected to a retaliatory cell search for a situation in which he only requested a refill of his prescription.  All of this resulted in another three-week delay in obtaining the prescribed medicine.

On June 24, 2024, Plaintiff was finally able to see a physician, but since the physician had not been informed of Plaintiff's condition, it was necessary to re-schedule.  Although the physician had immediate openings, a re-schedule was refused, leaving Plaintiff to endure the pain with no evaluation and no hope of every obtaining one.

### III. LEGAL STANDARD

Under FRCP 15(a), a party may amend its pleading with leave of court, which "leave shall be freely given when justice so requires." "A motion for leave to amend pursuant to NRCP 15(a) is addressed to the sound discretion of the trial court." *Kantor v. Kantor*, 116 Nev. 886, 891, (Nev. 2000) (citing *Connell v. Carl's Conditioning*, 97 Nev. 436, 439 (Nev. 1981). "[I]n the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant- **the leave sought should be freely given**." *Stephens v. Southern Nevada Music Co*. 89 Nev. 104, 105 (Nev. 1973) (emphasis added) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). The Nevada Supreme Court has held that a denial of leave to amend must be supported with justifying reason. *Adamson v. Bowker*, 85 Nev. 115, 121 (Nev. 1969).

FRCP 15(d) allows a party to supplement pleadings setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The standard to be applied is very similar to the standard under FRCP(a).  "Leave to supplement a complaint should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Gillihan v. Shillinger*, 872 F.2d 935.

In adding parties, FRCP 15 accompanies FRCP 21.

> "Rule 15(d) of the Federal Rules of Civil Procedure provides for such a supplemental pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

4

disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them." *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20.

The standard for FRCP 21 is also similar to FRCP 15.

"Rule 21 of the Federal Rules of Civil Procedure is also pertinent. It provides in part: 'Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.'

This again is a matter to be treated liberally and is within the sound discretion of the court. *Messelt v. Security Storage Co., D.C. Del. 1951, 11 F.R.D. 342*. When tested by these questions which were used in *Jacquard Knitting Machine Co., Inc., v. Ordnance Gauge Co., Inc.* D.C.E.D. Pa. 1951, 95 F.Supp. 902 - Will it prejudice the non-moving party? Will it serve to avoid multiplicity of suits? - this proposed amendment must be granted. *Helene Curtis Indus. v. Sales Affiliates*, 105 F. Supp. 886

## IV. ARGUMENT

Plaintiff makes this request for the Court's leave to Amend and Supplement his Complaint to add causes of action and additional defendants. The causes of action involve the same set of circumstances regarding the aftercare from his eye surgery.

Plaintiff has continued to suffer the same outrageous conduct which is the subject of his initial complaint in this case. However, it has become clear that the current Defendant is not the only person responsible for the purposeful failures in Plaintiff's medical care.

This Court should grant this Motion for Leave to Amend and Supplement Complaint because the additional causes of action are necessary. Additional defendants should already be aware of the current case and their role in refusing prescription medication. Including these defendants herein will help to avoid multiple claims and it will cause no prejudice to the additional defendants.

Further, good cause exists because the additional defendants continue to routinely deprive Plaintiff of medical attention, which could result in more permanent eye damage to Plaintiff.

It is expected that Defendant will oppose this Motion, citing the administrative remedies of exhausting grievances. However, this is not a circumstance in which exhaustion is appropriate. "The purpose of the exhaustion requirement is to ensure that prisons have 'a fair opportunity to correct their own errors' through the grievance process." *Pyles v. Nwaobasi*, 829

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

F.3d 860. It is clear by the continued conduct of the additional defendants that they have declined the opportunity to correct their errors.

This motion is not meant to create delay, is not done in bad faith, and there is no dilatory motive on the part of the Plaintiff. Therefore, this court should grant its leave to amend Plaintiff's Complaint.

## V. CONCLUSION

For the foregoing reasons, and pursuant to NRCP 15 and 21, Plaintiff requests that this Court grant its Motion for Leave to Amend and Supplement Complaint. A copy of the Amended Complaint is attached hereto as **Exhibit "1"**.

DATED this 13 day of September, 2024.

PYATT SILVESTRI

 */s/ Richard Waltjen*
_____
JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 3603
RICHARD WALTJEN, ESQ.
Nevada Bar No. 13416
7670 W. Lake Mead Blvd., Ste. 250
Las Vegas, NV 89128
jsilvestri@pyattsilvestri.com
*Attorney for Plaintiff, Evan Ratcliff*

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

6

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), the amendment to EDCR 7.26 and Administrative Order 14-2, I hereby certify that on the 13 day of September, 2024, I caused a true and correct copy of the foregoing *Plaintiff Evan Ratcliff's Motion For Leave To Amend And Supplement Complaint Pursuant To FRCP 15 And FRCP 21* to be served electronically, to the following e-service list recipients:

Aaron D. Ford, Esq.
Leo T. Hendges, Deputy Attorney General
State of Nevada, Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
lhendges@ag.nv.gov
*Attorney for Defendant*

/s/ *Barbara Abbott*
An Employee of PYATT SILVESTRI

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

7